FRITZ & LA RUE v. UNITED STATES.

W. & J. SLOANE v. UNITED STATES.

(Circuit Court, S. D. New York. December 19, 1904.)

Nos. 3,614, 3,615.

CUSTOMS DUTIES—MEASUREMENT—SELVAGE OF RUGS.

In assessing the duty "per square foot" provided for rugs in paragraph 379, Tariff Act July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 185 [U. S. Comp. St. 1901, p. 1668], held, as to certain oriental rugs having a pile and a selvage, that the entire area of the rug, including the selvage, should be measured, in ascertaining the number of square feet.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,711, T. D. 25,384, which affirmed the assessment of duty on merchandise imported at the port of New York by Fritz & La Rue and W. & J. Sloane.

Albert Comstock, for importers.

Henry A. Wise, Asst. U. S. Atty.

PLATT, District Judge. The importations in question consist of oriental rugs, which were assessed for duty under paragraph 379 of the tariff act of July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 185 [U. S. Comp. St. 1901, p. 1668], which reads as follows:

"Par. 379. Carpets of every description, woven whole for rooms, and oriental, Berlin, Aubusson, Axminster and similar rugs, ten cents per square foot and in addition thereto, forty per centum ad valorem."

In making the estimate of duty upon the basis of measurement, the collector included not only the pile-fabric portion, but also the selvage

of the rugs. The importers claim that in making this measurement the selvage should have been excluded from the square-foot measurement. But they admit that in making the measurement the extra salvage beyond the pile on the sides may be counted, and say further that some selvage must be left on the ends of the rug in order that it shall not ravel. If a certain addition on the sides and ends of the importation still permits the entire article to answer the definitions for rugs, it is not easy to perceive how the addition of a few extra inches to the selvage on the ends can change the way in which the definition should be interpreted. It is not believed that the testimony bearing upon the custom of the trade in this regard affects the plain meaning of the language of paragraph 379. The only remedy for the importers' troubles is to take care that as little as possible of what they term useless and extra length shall be present in the imported articles.

The decision of the Board of General Appraisers is affirmed.